34 C.C.P.A. (Patents)

## In re WINNEK.

### Patent Appeal No. 5257.

Court of Customs and Patent Appeals. March 25, 1947.

Harvey W. Edelblute, of Stamford, Conn. (Edmund H. Parry, Jr., of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection of a claim of appellant's application for patent relating to sulfonamide derivatives. Five claims stand allowed. The appealed claim reads:

"23. A compound of the group consisting of those represented by the formula

$$H\text{-}N\text{-}\bigcirc\text{-}SO_2 - NHC - NHNH_2$$
$$\overset{\displaystyle NH}{|}$$
$$\underset{X}{|}$$

in which X is a radical of the group consisting of H and carboxylic acid acyl radicals."

Two of the allowed claims are process claims and three are for the product. Because of the nature of appellant's argument we here quote allowed claims 19 and 21:

"19. A compound represented by the following formula

$$H-N-\langle\rangle-SO_2 - NHC - NHNH_2$$

with NH above and Acyl below

in which Acyl is a carboxylic acid acyl radical."

"21. A compound represented by the following formula

$$H_2N-\langle\rangle-SO_2NHC - NHNH_2$$

with NH above"

It will be observed that the appealed claim which purports to be of the Markush type is for a compound of a group defined by a formula in which the symbol X is used to designate a radical consisting of (1) H (hyrogen) and (2) carboxylic acid acyl radicals.

In other words, as we understand it, "X" is an arbitrarily selected symbol, designated as a radical, to cover a group consisting of (a) hydrogen radicals and (b) carboxylic acid acyl radicals, and it was held by the tribunals of the Patent Office that hydrogen is not so related to the other substances as to form with them a proper Markush group, because hydrogen and carboxylic acid radicals do not have a community of properties recognized in scientific classification.

It was pointed out by the board that two of the claims which stand allowed, Nos. 19 and 21, which are not of the Markush type but, as expressed by the board, are "in the usual form," when taken together, cover appellant's compounds; that is, as is elaborated in the brief of the Solicitor for the Patent Office, "claim 19 is identical with [the appealed] claim 23 when X is a carboxylic acid acyl radical, while claim 21 is identical with claim 23 when X is hydrogen." It would seem, therefore, that, as stated in the brief of the solicitor, claim 23 "is neither more nor less than the sum of claims 19 and 21, and gives no protection whatever which is not afforded by these claims."

It is contended by appellant, however, that allowed claims 19 and 21 are species claims and that claim 23 is a generic claim stated in Markush form which should be allowed him in order fully to protect his invention. It appears to be his view that because of Patent Office rule 41, the commissioner may not issue a patent in which both claims 19 and 21 are included, unless it also includes a "generic" claim such as appealed claim 23.

Whatever may be the situation in that regard, the board said in a second decision rendered upon a petition for rehearing: "The matter of taking out separate patents on species which are not patentably distinct is not before us on this appeal." The question is not brought before us by appellant's reasons of appeal.

The brief of the Solicitor for the Patent Office states: "The appellant's brief appears to suggest that the allowances of claims 19 and 21, in the absence of an allowed 'generic' claim such as claim 23, was improper. This allowance of claims 19 and 21 has apparently been accepted by the appellant and it is not clear that he is in a position to question it here. It may be noted, however, that since the compound of claim 19 is an intermediate product in the making of that of claim 21, the two may be considered as distinct inventions which are dependent upon each other, within the meaning of Rule 41 of the Patent Office Rules of Practice. Accordingly, there is no inconsistency in allowing these claims, as defining dependent inventions and rejecting claim 23, which seeks to assert that they are species of a single generic invention."

It is well understood, of course, that the approval by the Commissioner of Patents of what is referred to as the Markush formula (Ex parte Markush, 340 O.G. 839, 1925 C.D. 126) constituted a departure from the long-established practice of rejecting alternative claims. In the case of In re Swenson et al., 30 C.C.P.A. (Patents) 764, 132 F.2d 336, we had occasion to recite the history of the development of the formula, citing in connection therewith numerous decisions by tribunals of the Patent Office relating to its application.

574

A headnote of that decision epitomizes our holding, so far as here pertinent, as follows: "An improper grouping of elements exists in the phrase 'a reducing agent selected from the group consisting of sulphur, coal, carbon, charcoal, starch, wood flour, sugar and glycerine.' It is also apparent that sulphur, which is an element, cannot possibly have any common characteristics with the other seven reducing agents except that it will perform the same function as the other agents. This is not sufficient."

In a later case In re Thompson et al., 33 C.C.P.A. (Patents) 942, 154 F.2d 189, we again discussed the rule elaborately with citation of authorities.

We do not think it necessary to repeat here the rulings made and the reasons for making them recited in those cases.

The decisions are clearly controlling here in the absence of any satisfactory showing that the board erred in its finding that "in the compounds per se hydrogen and acyl are not equivalents."

The decision of the board is affirmed.

Affirmed.